IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BYRON SHANE CHUBBUCK,            )
                                  )
    Plaintiff,                    )
                                  )      16-cv-00466 JP/CG
    vs.                           )      01-cr-00289 JAP
                                  )
UNITED STATES,                    )
                                  )
    Defendant.                    )

_____

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**
_____

Byron Shane Chubbuck, through undersigned counsel and pursuant to 28 U.S.C. § 2255, moves the Court to vacate and set aside his conviction of Using, Brandishing, and Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (C)(i), and the related 300-month term of imprisonment. Mr. Chubbuck is confined at USP Lewisburg, P.O. Box 1000, Lewisburg, PA, 17837, and his BOP Register Number is 07909-051.

1.  (a) **Name and location of court that entered the judgment of conviction you are challenging:** United States District Court for the District of New Mexico, Albuquerque, New Mexico

    (b) **Criminal docket or case number (if you know):** 01-cr-00289 JAP

2.  (a) **Date of the judgment of conviction (if you know):** November 5, 2001

    (b) **Date of Sentencing:** October 15, 2001

3.  **Length of sentence:** 488 months (consecutive to 480 months imposed in 99-cr-01027 BB and 00-cr-01345 BB)

**4.** **Nature of crime (all counts):** COUNT 1: 18 U.S.C. § 751, Escape; COUNT 8: 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (C)(i), Using, Brandishing, and Carrying a Firearm During a Crime of Violence; COUNT 9: 18 U.S.C. § 922(g)(1) and 924(e)(1), Felon in Possession of a Firearm

**5.** (a) **What was your plea?** Not guilty

(b) **If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?** N/A

**6.** **If you went to trial, what kind of trial did you have?** Jury

**7.** **Did you testify at a pretrial hearing, trial, or post-trial hearing?** No

**8.** **Did you appeal from the judgment of conviction?** Yes

**9.** **If you did appeal, answer the following:**
   (a) **Name of court:** Unites States Court of Appeals for the Tenth Circuit
   (b) **Docket or case number (if you know):** Nos. 01-2331 and 01-2342
   (c) **Result:** Judgment affirmed
   (d) **Date of result (if you know):** October 4, 2002
   (e) **Citation to the case (if you know):** 48 F. App'x 723
   (f) **Grounds raised:** Whether the district court erred in: (1) refusing to allow Mr. Chubbuck to introduce evidence of duress?; and (2) in applying a presumption that the sentence run consecutively to a previously imposed sentence?
   (g) **Did you file a petition for certiorari in the United States Supreme Court?** No
   **If "Yes," answer the following:**
      (1) **Docket of case number (if you know):** N/A
      (2) **Result:** N/A
      (3) **Date of result:** N/A

        (4) **Citation to the case (if you know):** N/A

        (5) **Grounds raised:** N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court? Yes

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) **Name of court:** Unites States Court of Appeals for the Tenth Circuit
        (2) **Docket or case number (if you know):** 07-2114
        (3) **Date of filing (if you know):** May 3, 2007
        (4) **Nature of the proceeding:** Motion for Permission to File Successive § 2255 Motion in District Court
        (5) **Grounds raised:** Mr. Chubbuck sought permission from the Tenth Circuit to file a second or successive § 2255 motion in the District Court. The motion pertained to all of Mr. Chubbuck's convictions, i.e., those in 99-cr-01027, 00-cr-01345, and 01-cr-0289. The Court of Appeals, on May 9, 2007, dismissed the motion as it pertained to Mr. Chubbuck's convictions in 01-cr-0289 as he had not previously moved the District Court for relief pursuant to 28 U.S.C. § 2255 in that case. Subsequent to the dismissal, Mr. Chubbuck never filed a § 2255 motion in the district court related to his convictions in 01-cr-0289. As such, this is Mr. Chubbuck's first § 2255 motion related to this judgment.
    (b) If you filed any second motion, petition, or application, give the same information:
        (1) **Name of court:** N/A
        (2) **Docket or case number (if you know):** N/A
        (3) **Date of filing (if you know):** N/A
        (4) **Nature of the proceeding:** N/A
        (5) **Grounds raised:** N/A
    (c) Did you appeal to a federal appellate court having jurisdiction over action taken on your motion, petition, or application?

3

    **(1) First petition:** No

    **(2) Second petition:** N/A

**(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:** See answer above to question 11(a)(5)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** On November 5, 2001, the District Court entered judgment in case number 01-cr-00289, after a jury convicted Mr. Chubbuck of: (1) Escape (Count 1), (2) Using, Brandishing, and Carrying a Firearm During a Crime of Violence (Count 8), and (3) Felon in Possession of a Firearm (Count 9). The District Court imposed a term of imprisonment of 188 months on Count 9, to be run concurrently with a 60-month term of imprisonment on Count 1. The District Court imposed a 300-month term of imprisonment on Count 8, to be run consecutive to the terms of imprisonment imposed on Counts 1 and 9. The District Court ordered the full 488-month term of imprisonment to run consecutive to a 480-month term of imprisonment that the District Court had earlier imposed (on March 27, 2001) in case numbers 99-cr-01027 and 00-cr-01345. Mr. Chubbuck challenges his conviction on Count 8, and the resulting 300-month term of imprisonment, imposed in case number 01-cr-00289.

The predicate "crime of violence" felony underlying Mr. Chubbuck's conviction on Count 8 was for Escape, in violation of 18 U.S.C. § 751, as charged in Count 1 of the indictment. Under then-existing precedent, the crime of Escape qualified as a "crime of violence" under the so-called "residual clause" of 18 U.S.C. § 924(c)(3)(B), i.e., a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

4

On June, 26, 2015, the U.S. Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that imposing an increased sentence under the virtually identical definition of a "violent felony" found in 18 U.S.C. § 924(e)(2)(B)(ii) violates the Constitution's guarantee of due process because the definition is void for vagueness. Recently, the U.S. Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016), held that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review. Numerous courts since *Johnson* have held that the residual clause of § 924(c)(3)(B)'s definition of "crime of violence" is equally void for vagueness as the residual clause of § 924(e)(2)(B)(ii)'s definition of "violent felony." Accordingly, this Court should vacate and set aside Mr. Chubbuck's § 924(c) conviction and resulting 300-month sentence as violative of Mr. Chubbuck's right to due process.

**(b)  Direct Appeal of Ground One:**

    **(1)  If you appealed from the judgment of conviction, did you raise this issue?** No

    **(2)  If you did not raise this issue in your direct appeal, explain why:** Mr. Chubbuck did not raise this issue on direct appeal because it did not become ripe until the Supreme Court's decision in *Johnson*, which announced a substantive rule that has retroactive effect.

**(c) Post-Conviction Proceedings:**

    **(1)  Did you raise this issue in any post-conviction motion, petition, or application?** No

    **(2)  If your answer to Question (c)(1) is "Yes," state:**
        **Type of motion or petition:** N/A
        **Name and location of the court where the motion or petition was filed:** N/A
        **Docket or case number (if you know):** N/A
        **Date of the court's decision:** N/A

        **Result (attach a copy of the court's opinion or order, if available):** N/A

        **(3) Did you receive a hearing on your motion, petition, or application?** N/A

        **(4) Did you appeal from the denial of your motion, petition, or application?** N/A

        **(5) If your answer to question (c)(4) is "Yes," did you raise this issue in the appeal?** N/A

        **(6) If your answer to Question (c)(4) is "Yes," state:**
        **Name and location of the court where the appeal was filed:** N/A
        **Docket or case number (if you know):** N/A
        **Date of the court's decision:** N/A
        **Result (attach a copy of the court's opinion or order, if available):** N/A

        **(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:** N/A

**13.** **Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:** Yes. Mr. Chubbuck has not raised his due process argument before because the issue did not become ripe until the Supreme Court's decision in *Johnson*, which announced a substantive rule that has retroactive effect.

**14.** **Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?** No

    **If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:** N/A

15. **Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:**

    **(a) At preliminary hearing:** N/A

    **(b) At arraignment and plea:** Gary Mitchell, P.O. Box 2460, Ruidoso, NM, 88355-2460

    **(c) At trial:** Gary Mitchell, P.O. Box 2460, Ruidoso, NM, 88355-2460

    **(d) At sentencing:** Gary Mitchell, P.O. Box 2460, Ruidoso, NM, 88355-2460

    **(e) On appeal:** Gary Mitchell, P.O. Box 2460, Ruidoso, NM, 88355-2460

    **(f) In any post-conviction proceeding:** N/A

    **(g) On appeal from any ruling against you in a post-conviction proceeding:** N/A

16. **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?** Not in relation to this conviction. As stated above, Mr. Chubbuck's 488-month term of imprisonment, which was entered on November 5, 2001, is running consecutive to a 480-month term of imprisonment imposed in case numbers 99-cr-01027 and 00-01345, which was entered on March 27, 2001.

17. **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?** No

    **(a) If so, give the name and location of court that imposed the other sentence you will serve in the future:** N/A
    **(b) Give the date the other sentence was imposed:** N/A

7

**(c) Give the length of the other sentence:** N/A

**(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?** N/A

18. **TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.** The U.S. Supreme Court's decision in *Johnson* announced a substantive rule that has retroactive effect. Mr. Chubbuck's motion is therefore timely pursuant to 28 U.S.C. § 2255(f)(3).

**Therefore, movant asks that the Court grant the following relief:** Vacate and set aside Mr. Chubbuck's conviction of Using, Brandishing, and Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (C)(i), as charged in Count 8 of the indictment, and the related 300-month term of imprisonment.
**or any other relief to which movant may be entitled.**

/s/ Todd A. Coberly
**Signature of Attorney**