**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                        No. 16-CV-00466-JAP-CG
                                                                       No. 01-CR-00289-JAP

BYRON SHANE CHUBBUCK,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Defendant Byron Shane Chubbuck's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"), (CV Doc. 7), filed June 13, 2016; the *United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence* (the "Response"), (CV Doc. 9), filed July 11, 2016; and Defendant's *Reply to United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence* (the "Reply"), (CV Doc. 12), filed July 28, 2016.[1] United States District Judge James A. Parker referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (CV Doc. 13). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that Defendant's Motion be **GRANTED**, his sentence **VACATED**.

I.    **Procedural Background**

Following a jury trial, Defendant Byron Shane Chubbuck was found guilty of escape, in violation of 18 U.S.C. § 751; using, brandishing, and carrying a firearm

---

[1] Documents referenced as "CV Doc. ___" are from case number 16-cv-466-JAP-CG. Documents referenced "CR Doc. ___" are from case number 01-cr-289-JAP.

during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (C)(i); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1). (CR Docs. 43, 58). Defendant was sentenced to a total term of 488 months imprisonment, 300 months of which was to be served for the conviction of using, brandishing, and carrying a firearm during a crime of violence. (CR Doc. 58). On appeal, the Tenth Circuit affirmed the conviction. (CR Doc. 88).

On direct appeal, Defendant argued that the District Court improperly refused to allow him to introduce evidence of duress at his trial and erred in presuming that his sentence should run consecutively to a sentence previously imposed in a separate case. (CV Doc. 9 at 2). The Tenth Circuit denied the appeal, at which time, Defendant filed a motion seeking post-conviction consideration for newly discovered evidence in several different cases, including the one at bar. (CR Doc. 107). After construing the motion as one seeking a new trial, or alternatively, as a constitutional challenge to his convictions, the District Court denied Defendant relief on March 9, 2007. Defendant sought permission from the Tenth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255. The Tenth Circuit, noted that Defendant had not previously sought § 2255 relief as to his escape and weapons convictions. (CR Doc. 109). Defendant alleges that although this issue was not raised on direct appeal, it did not become ripe until the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which announced a substantive rule with retroactive effect. (Doc. 7 at 5).

Subsequently, on June 13, 2016, Defendant filed the instant Motion, arguing that his 300 month sentence for using, brandishing, and carrying a firearm should be vacated pursuant to the Supreme Court's recent decision in *Johnson*. (CV Doc. 7 at 5).

Specifically, Defendant contends that the predicate "crime of violence" felony underlying his conviction for using, brandishing, and carrying a firearm was for escape, which qualified as a "crime of violence" under the "residual clause" of § 924(c)(3)(B). The residual clause defines a "crime of violence" as a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* In *Johnson*, the Supreme Court held that imposing an increased sentence under the similarly worded definition of "violent felony" in 18 U.S.C. § 924 (e)(2)(B)(ii) violates the Constitution's guarantee of due process because the definition is void for vagueness. (Doc. 7 at 5). Defendant contends that the residual clause in § 924(c)(3)(B) is equally void for vagueness, and therefore Defendant's sentence should be vacated because it violates Defendant's due process rights. (Doc. 7 at 5). In response, Plaintiff maintains that the new rule announced in *Johnson* does not apply to § 924(c)(3)(B). (Doc. 9 at 3).

## II.     Legal Standard

### A. 28 U.S.C. § 2255 Standard

An individual claiming that his sentence "was imposed in violation of the Constitution or laws of the United States" may move a court to vacate, set aside, or correct a sentence by filing a petition under 28 U.S.C. § 2255(a).  To obtain habeas relief under § 2255, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *United States v. Johnson*, 996 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  A court must hold an evidentiary hearing on a § 2255 petition unless the motions, files, and records conclusively show that the

prisoner is not entitled to any relief.  28 U.S.C. § 2255(b).

### B. "Crimes of Violence" Under § 924(c)(3)

According to 18 U.S.C. § 924(c)(1)(A),

> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted . . ., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –
>
> (i) be sentenced to a term of imprisonment of not less than 5 years .

A "crime of violence" is defined as a felony that

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 924(c)(3) (emphasis added). The emphasized clause is known as the residual clause. Plaintiff argues that his predicate conviction for escape was defined as a crime of violence under the residual clause. (Doc. 7 at 4).

The residual clause of § 924(c)(3)(B) is similar to the residual clause in the Armed Career Criminal Act ("ACCA"), which governs the sentencing of individuals with three convictions for violent felonies who are found to be in possession of a firearm. Recently, in the *Johnson* case, the Supreme Court held that the residual clause in the ACCA was unconstitutional.

### C. The Johnson Decision

The decision in *Johnson* affected the types of crimes that can be defined as "violent felonies" under the ACCA. According to the ACCA, an individual with "three previous convictions . . . for a violent felony or a serious drug offense," and found to be

in possession of a firearm or ammunition, receives a minimum mandatory fifteen-year sentence. 18 U.S.C. §§ 922(g), 924(e). The statute defines

> the term 'violent felony' [as] any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the residual clause. *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing *Johnson*, 135 S.Ct. at 2556). In *Johnson*, the Supreme Court decided that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges[,]" and therefore violates the due process clause of the Constitution. *Johnson*, 135 S.Ct. at 2563.

As a result of the Supreme Court's holding in *Johnson*, similarly worded residual clauses in other statutes, including § 924(c)(3)(B), have been called into question. Neither the Supreme Court, nor the Tenth Circuit, has addressed whether the residual clause in § 924(c)(3)(B) is unconstitutional after the decision in *Johnson*. This is the question that this Court must decide.

### III. Analysis

Defendant argues that the residual clause in § 924(c)(3)(B) requires the same "two-step categorical approach" that was found to be unconstitutional in *Johnson*, and is therefore unconstitutional. (CV Doc. 12 at 4). Plaintiff argues that the residual clause in

§ 924(c)(3)(B) is different than the ACCA residual clause; and consequently, *Johnson* should not apply to invalidate the § 924(c)(3)(B) residual clause. (CV Doc. 9). Specifically, Plaintiff points to four differences between the statutes: (1) unlike § 924(c)(3)(B), the ACCA residual clause includes a list of four offenses that a court must evaluate in order to assess the requisite risk of physical injury the predicate offense involves; (2) the ACCA has a broader definition in that it includes risks of injury that arise both during and after a crime is committed, versus § 924(c)(3)(B), which only requires a risk of injury occur "in the course of committing the offense; (3) the ACCA definition is broader in including all crimes that present a substantial risk of "injury to another," versus § 924(c)(3)(B), which requires a crime involve a substantial risk of the use of "physical force;'" and (4) the ACCA residual clause is applied in different circumstances. (CV Doc. 9 at 4). Therefore, according to Plaintiff, Defendant's Motion should be denied.

Thus, the specific issue that the Court must address is whether the holding in *Johnson* applies to the residual clause in § 924(c)(3)(B).

### A. The Categorical Approach

In *Johnson*, the Supreme Court held that the ACCA's residual clause was void for vagueness. 135 S. Ct. 2551. A statute "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement," *Id*. at 2556, "violate[s] the fundamental principles of justice embraced in the conception of due process of law." *Collins v. Kentucky*, 234 U.S. 634, 638 (1914). The Supreme Court noted "[t]wo features" that "conspire" to make the residual clause of the ACCA unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. First, the residual

clause left uncertainty about "how to estimate the risk posed by a crime" because it tied violent felony analysis "to a judicially imagined 'ordinary case' of a crime" instead of "real-world facts or statutory elements." *Id.* Second, the residual clause of the ACCA left uncertainty about "how much risk it takes for a crime to qualify as a violent felony" because it required the application of an "imprecise 'serious potential risk' standard" to this "judge-imagined abstraction." *Id.* at 2558. These features of the residual clause foster "more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

       The Supreme Court recently explained that the residual clause's vagueness "rests in large part on its operation under the categorical approach." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016). The categorical approach is a method of analysis that courts follow in order to determine whether an offense should be defined as a violent felony under the residual clause of the ACCA. In order for a court to determine "whether the conduct encompassed by the elements of the offense, in the ordinary case, present[ed] a serious potential risk of injury to another." *James v. United States*, 550 U.S. 192, 208 (2007). This required looking at an offense "in terms of how the law defines the offense," not how the individual "committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008). In *Welch*, the Supreme Court stated that the residual clause "failed not because it adopted a 'serious potential risk' standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Welch*, 136 S. Ct. at 1262.

       In the same manner as the ACCA, courts use the categorical approach to

7

determine whether an offense is a "crime of violence" under § 924(c)(3). *See United States v. Serafin*, 562 F. 3d 1105, 1107 (10th Cir. 2009). Utilizing the categorical approach, a court must determine what kind of conduct the "ordinary case" of a crime involves and whether the degree of risk the "ordinary case" involves constitutes a "substantial risk" that physical force may be used under the § 924(c) residual clause. This same approach to determining whether an offense is a "crime of violence" is the very reason why the Supreme Court found the ACCA residual clause to be unconstitutionally vague.

Because the § 924(c) residual clause combines the same "indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony," as the ACCA residual clause, the § 924(c)(3) residual clause "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson*, 135 S. Ct. at 2558. Therefore, the Court concludes that the residual clause in § 924(c)(3) is unconstitutional.

### B. Significance of the Distinctions between the ACCA and § 924(c)

Plaintiff argues that this case is distinguishable from *Johnson* on the basis that (1) there is language in the ACCA residual clause that is not in § 924(c)(3)(B); (2) the definition in the ACCA, which includes risks of injury that arise both during and after the crime is committed, is broader; (3) the definition in the ACCA that included all crimes that present a substantial risk of "injury to another" is broader; and (4) extending the *Johnson* decision to §924(c) would impact other state and federal statues with identical language. Plaintiff further argues that the residual clause in the ACCA is applied in different circumstances than § 924(c)(3)(B), which distinguishes the two residual

clauses. The Court will address each of Plaintiff's arguments in turn

### 1. Introductory List of Crimes

Plaintiff contends that the residual clause in the ACCA is broader than § 924(c)(3)(B) based on the introductory list of crimes in the ACCA. (CV Doc. 9 at 4). Specifically, the ACCA includes four enumerated offenses, burglary, arson, extortion, or involving the use of explosives, in its definition,18 U.S.C. § 924(e)(2)(B)(ii), which § 924(c)(3)(B) does not include. This argument is not persuasive.

In *Johnson*, the Supreme Court cites the ACCA's four enumerated offenses; however, the Court noted that although the listed offenses added to the uncertainty in the statue, the reason for the Court's holding was the residual clause's "application of the 'serious potential risk' standard to an idealized ordinary case of the crime." *Johnson*, 135 S. Ct. at 2561. The ACCA's residual clause was unconstitutionally vague itself; not due to the four enumerated offenses. The residual clause in § 924(c)(3)(B) suffers the same flaw of requiring the application of a "serious potential risk" standard to an idealized "ordinary case" of a crime. Therefore, the absence of enumerated offenses in § 924(c)(3)(B) does not change the Court's determination that it is unconstitutionally vague.

### 2. Substantial Risk of Injury

Next, Plaintiff argues that the ACCA's residual clause is broader than § 924(c)(3)(B) because the definition includes risks of injury that arise during and after a crime is committed. (CV Doc. 9 at 4). Plaintiff maintains that this is a distinction from § 924(c)(3)(B), which only requires that the risk of injury occur "in the course of committing the offense." (CV Doc. 9 at 4; citing § 924(c)(3)(B)). Plaintiff also tries to

distinguish the ACCA from § 924(c)(3)(B) by arguing that the definition in the ACCA is broader because it includes all crimes that present a substantial risk of "injury to another." (CV Doc. 9 at 4). By comparison, § 924(c)(3)(B) requires a crime involve a substantial risk of the use of "physical force." The Court finds these arguments unavailing.

The distinctions between the two statutes are not material because the Court's inquiry as to whether a crime is a "crime of violence" does not change based on these distinctions. Whether a court considers the risk of violence that is posed during and after a crime or whether the consideration is limited to the risk of violence only during the commission of a crime, the court's inquiry of "how to measure the risk posed by a crime" in the ordinary case and the inquiry as to "how much risk it takes for the crime to qualify as a [crime of violence]" remains the same. *Johnson*, 135 S. Ct. at 2558. Similarly, the fact that § 924(c)(3)(B) refers to the risk of "physical force," versus the ACCA's risk that "injury might occur," does not change the Court's inquiry and does not save § 924(c)(3)(B) from the Court finding that it is unconstitutionally vague.

      3. *Extending* Johnson

Plaintiff argues that extending *Johnson* to § 924(c)(3)(B) would affect other state and federal statues with identical language in contravention of the Supreme Court's decision. (CV Doc. 9 at 4-5). The Supreme Court stated that "we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." *Johnson*, 135 S. Ct. at 2561. Indeed, *Johnson* did not invalidate all "criminal laws that use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk.'" However, the Supreme Court distinguished the ACCA from other

criminal statutes because other statutes "require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion." *Johnson*, 135 S. Ct. at 2561.

By contrast, under the categorical approach, a court looks "only to the fact of conviction and the statutory definition of the prior offense, and do[es] not generally consider the particular facts disclosed by the record of conviction." *Serafin*, 532 F.3d 1105 at 1107-08 (quoting *United States v. West*, 550 F. 3d 958, 957 (10th Cir. 2008)). The court only considers "whether the elements of the offense are of the type that would justify its inclusion as a crime of violence, without inquiring into the specific conduct of [the] particular offender." *Id.* Courts do not "gaug[e] the riskiness of an individual's conduct on a particular occasion," but instead apply the "'serious potential risk' standard to an idealized ordinary case of the crime" under § 924(c)(3)(B). *Id.* Therefore, the Court's decision in this case does not extend the holding in *Johnson*, but applies it to a statute with the same unconstitutionally vague inquiry.

### 4. *Circumstances under which the Residual Clause is Applied*

Finally, Plaintiff argues that the residual clause in § 924(c)(3)(B) "is concerned with facts determined in the case at bar, whereas the residual clause applied under the ACCA required courts to categorize prior convictions." (CV Doc. 9 at 5). Plaintiff contends that in contrast to the ACCA's categorical approach, under § 924(c), "a jury must assess the specific facts of [a] crime . . . and determine that a crime of violence was committed." (CV Doc. 9 at 5 (citing *Serafin*, 562 F.3d at 1109)).

The Tenth Circuit distinguished the "differences in statutory text" between the ACCA and § 924 in *Serafin*. Nonetheless, the Tenth Circuit also affirmed that the

analytical approach under § 924(c)(3)(B) is the same as the ACCA. Specifically, the inquiry is into "whether the elements of the offense are of the type that would justify its inclusion as a crime of violence, without inquiring into the specific conduct of this particular offender." *Serafin*, 562 F.3d at 1108 (quoting *West*, 550 F.3d at 957). Under both § 924(c)(3)(B) and the ACCA, courts employ the categorical approach, which "omits consideration of the particular facts of the case." *United States v. Munro*, 394 F.3d 865, 870 (10th Cir. 2005) (quoting *United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003)). Because courts are required to use the same categorical approach with § 924(c)(3) as is used under the ACCA, and the residual clause in § 924(c)(3)(B) suffers from the same "indeterminancy," the Court finds that the residual clause in § 924(c)(3)(B) is unconstitutionally vague.

### C. Crime of Escape

Defendant was found guilty of using, brandishing, and carrying a firearm during a crime of violence based on the jury first finding him guilty of the predicate crime of escape. Under 18 U.S.C. § 751(a):

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall . . . be fined . . . or imprisoned . . ., or both.

Because the Court finds the residual clause of § 924 to be unconstitutionally vague, to constitute a "crime of violence," escape must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." The definition of escape does not include any of these elements. § 924(c)(3)(A); *see United*

*States v. Koufos*, 666 F.3d 1243, 1252-53 (10th Cir. 2011) (finding that escape qualifies as a "crime of violence" under the residual clause of the sentencing guidelines, which is identical to the residual clause in the ACCA"). Escape only meets the definition of a "crime of violence" under the unconstitutionally vague residual clause; consequently, escape should not have been the predicate crime for his conviction of using, brandishing, and carrying a firearm during a crime of violence. Therefore, Defendant's sentence for using, brandishing, and carrying a firearm during a crime of violence should be vacated.

## IV.   Recommendation

For the reasons discussed above, the Court finds that the residual clause of § 924(c)(3)(B) is unconstitutionally vague, and consequently, because Defendant was sentenced based on this unconstitutional clause, Defendant's sentence should be vacated.

**IT IS THEREFORE RECOMMENDED** that Defendant's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (CV Doc. 7), be **GRANTED** and Defendant's sentence be **VACATED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE