**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**BYRON SHANE CHUBBUCK,**

      **Petitioner,**

**vs.**                        **No. 16-CV-00466-JAP-CG**
                                     **No. 01-CR-00289-JAP**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER**

On September 13, 2016, Magistrate Judge Carmen E. Garza concluded that Petitioner Byron Shane Chubbuck (Petitioner) had been improperly sentenced under the residual clause of 18 U.S.C. § 924(c)(3) and recommended that the Court grant Petitioner's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (CV Doc. 7)[1] (Motion).[2] As required, the parties filed their written objections to the PFRD within 14 days.[3] Petitioner responded to the United States' Objections.[4] After a de novo review of the record and the PFRD, the Court stayed proceedings on its own motion pending a Tenth Circuit Court of Appeals decision that was likely to control the outcome.[5] The Tenth Circuit having now decided the issue, the Court will lift the stay and will

---

[1] Documents referenced as "CV Doc. __" are from case number 16-cv-466-JAP-CG. Documents referenced as "CR Doc. __" are from case number 01-cr-289-JAP.
[2] *See* PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (CV Doc. 14) (PFRD).
[3] *See* ORDER OF REFERENCE RELATING TO PRISONER CASES (CV Doc. 13); UNITED STATES' OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (CV Doc. 15) (United States' Objections); DEFENDANT'S OBJECTION TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (CV Doc. 16) (Petitioner's Objection).
[4] *See* DEFENDANT'S RESPONSE TO UNITED STATES' OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (CV Doc. 19) (Petitioner's Response).
[5] *See* ORDER STAYING PROCEEDINGS (CV Doc. 20).

adopt Judge Garza's PFRD in part, will grant Petitioner's Motion and, concurring with Petitioner's Objection, will vacate his conviction.

After a jury trial, Petitioner was found guilty of escape, in violation of 18 U.S.C. § 751; using, brandishing, and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (C)(i); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1). CR Docs. 43, 58. Petitioner was sentenced to a total term of 488 months imprisonment. CR Doc. 58. Of the total term, 300 months were for the conviction of using, brandishing, and carrying a firearm during a crime of violence. CR Doc. 58.

On June 13, 2016, Petitioner, relying on the Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), requested review of his 300 month sentence. Motion at 5. This Court referred the matter to Judge Garza to conduct analysis, make findings of fact, and recommend a disposition. CV Doc. 13. Judge Garza concluded that Petitioner was improperly sentenced based on the residual clause of § 924(c)(3).

Under Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceeding for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provided for e w reply. Fed. R. Civ. P. 72(b).

When resolving objections to a magistrate judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected . 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary

issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs, Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for de novo review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Petitioner argued that he was improperly convicted for using, brandishing, and carrying a firearm during a crime of violence. Petitioner alleged that the predicate "crime of violence" on which the conviction was based, escape, only qualified as a "crime of violence" under the residual clause of § 924(c)(3). Motion at 4. Because the Supreme Court recently found the residual clause of the similarly worded Armed Career Criminal Act (ACCA) to be unconstitutional, Petitioner maintained that his conviction violated his due process rights. Motion at 4–5.

After considering the evidence in the record and the relevant law, Judge Garza determined that the Supreme Court's decision in *Johnson* invalidating the residual clause in the ACCA applied equally to the residual clause in § 924(c)(3). PFRD at 6–8. Judge Garza also found that Petitioner's predicate crime of escape only qualified as a "crime of violence" under the residual clause. PFRD at 12–13. Accordingly, Judge Garza recommended that Petitioner's Motion be granted. PFRD at 13. Petitioner and Respondent both filed objections to the PFRD. The Court will address each objection in turn.

The United States objects to Judge Garza's finding that the residual clause in § 924(c)(3) is unconstitutionally vague. However, this objection is now foreclosed by *United States v. Salas*, No. 16-2170, ___ F.3d ___, 2018 WL 2074547, *4 (10th Cir. May 4, 2018). In *Salas*, the Tenth Circuit Court of Appeals applied *Johnson* and *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018) and held that residual clause of § 924 (c)(3) is unconstitutionally vague. This Court is bound by that holding.

Petitioner objects to Judge Garza's recommendation that Petitioner's sentence be vacated, and argues that his conviction should be vacated instead. Petitioner's Objection at 1. The Court agrees that in this case, the conviction, and not only the sentence, was predicated on the residual clause. Therefore, Petitioner's conviction should be vacated.

The Court finds that Judge Garza conducted the proper analysis and correctly concluded that Petitioner's Motion should be granted. The United States' Objections are overruled.

IT IS ORDERED that:

(1) The ORDER STAYING PROCEEDINGS (CV Doc. 20) is withdrawn and set aside;

(2) Judge Garza's PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (CV Doc. 14) is ADOPTED in part;

(3) Petitioner's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (CV Doc. 7) is GRANTED; and

(4) Petitioner's conviction for using, brandishing, and carrying a firearm during a crime of violence is vacated.

_____
SENIOR UNITED STATES DISTRICT JUDGE